IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 06 2003

Robert M. March
CLERK

ETHAN E. ROBERTS,

    Plaintiff,

v.    No. CIV-03-0686 MCA/LCS

LAWRENCE BARRERAS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed as untimely filed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And the Tenth Circuit has ruled that a complaint may be dismissed *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2) based on



affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was incarcerated from April 16, 1999, to June 8, 2000,[1] at the Santa Fe, New Mexico, County Detention Center, during federal criminal proceedings in this Court. He alleges he was exposed to second-hand tobacco smoke ("ETS") at the detention center, and he was denied necessary medical treatment and access to the courts, in violation of certain constitutional protections. The complaint, which was filed June 6, 2003, was executed May 29 and postmarked June 5, 2003. Plaintiff seeks damages.

Plaintiff was required to file his complaint within three years after his injuries occurred. A *Bivens* action must be filed within the limitation period for an action under 42 U.S.C. § 1983. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). The limitation period for a § 1983 action is set by the personal injury statute in the state where the action accrues, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years. N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). The applicable period of limitations for this *Bivens* action is three years.

Plaintiff's claims accrued when he became aware of the asserted violations. "[F]ederal law controls questions relating to accrual of federal causes of action," *Newcomb v. Ingle*, 827 F.2d 675,

---

[1] For purposes of this opinion, it is assumed that Plaintiff was transferred on June 8, 2000, even though two attachments to the complaint mention a release date of May 2000.

678 (10th Cir. 1987), and "[t]he statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later become great or different," *Free v. Granger*, 887 F.2d 1552, 1555-56 (11th Cir. 1989), *quoted in Martinez v. King*, No. 92-2294, 1993 WL 118846, at **2 (10th Cir. April 15, 1993); *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury). Here, as Plaintiff states at page 3-A-6 of the complaint, "After 4-5 months in the S.F.C.D.C. and being exposed to the high levels of ETS, the Plaintiff began to experiance [sic] serious medical problems and sought treatment." Plaintiff was thus aware of the medical and treatment problems no later than September 1999. The alleged denials of access to legal materials[2] occurred as early as July 1999. Plaintiff's alleged injuries, and his knowledge thereof, occurred more than three years before the complaint was filed in May or June 2003, and his claims are barred by the statute of limitations. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii) a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

---

[2] No opinion is expressed or implied herein as to whether this allegation would support a claim of denial of access to the courts.