IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ETHAN ERWIN ROBERTS,

      Plaintiff,

vs.                                       No. CIV 03-686 MCA/LCS

LAWRENCE BARRERAS, et al.,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants' Cornell Corrections, Santa Fe County, Wilfred Romero and Lawrence Barreras Motion for Summary Judgment [Docket #41], filed March 1, 2005 and Defendant Correctional Medical Services, Inc. Motion for Summary Judgment [Docket #42], filed March 1, 2005. The assigned United States District Judge referred the matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1). The Court, having reviewed the Motion and considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Defendants' Motions for Summary Judgment be **GRANTED**.

    PROPOSED FINDINGS

    **I.**    **Factual Background**

    1.    Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a Civil Rights Complaint in this Court on June 9, 2003, alleging that Defendants acted with deliberate indifference when they failed to take affirmative steps to prevent damage to his health. [Docket

#1]. The Complaint seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and NMSA Section 37-1-8. [Id.]

2. On or about April 16, 1999, Mr. Roberts entered the Santa Fe County Adult Detention Center ("SFCADC"). [Id.] He alleges that on approximately April 20, 1999, he began to be exposed to second-hand smoke. [Id.] He further states that on approximately May 16, 1999, he became addicted to nicotine due to exposure to second-hand smoke and began experiencing withdrawal symptoms. [Id.] Ostensibly as a result of this exposure to second-hand smoke, Plaintiff began smoking on approximately July 1, 1999. [Id.]

3. Plaintiff claims that he would periodically develop severe respiratory problems, at which time he would stop smoking and seek medical attention and would complain to corrections officials about conditions in cell-pod B-600. [Id.] Mr. Roberts indicates this process continued for approximately ten months, until he was transferred out of SFCADC on June 8, 2000. [Id.]

4. Defendants contend Plaintiff filed six grievances during the course of his incarceration at SFCADC. However, they indicate none of these grievances related to the allegations related to second-hand smoke that form the basis of this lawsuit.

**II.     Procedural History**

5. Plaintiff filed his civil rights complaint in this Court on June 9, 2003 [Docket #1]. On August 6, 2003, United States District Judge Armijo entered an Order dismissing Plaintiff's case with prejudice on the grounds that Mr. Roberts had not filed his complaint in a timely fashion and the applicable statute of limitations had subsequently run. [Docket #5]. Plaintiff filed his notice of appeal on October 23, 2003 [Docket #11].

6. The United States Court of Appeals for the Tenth Circuit issued its opinion and

order on October 12, 2004 [Docket #23] reversing the decision of the District Court. The case was remanded for further consideration of whether equitable tolling was appropriate. Specifically, this Court was directed to determine whether Plaintiff's alleged administrative filings tolled the applicable limitations period. [Id.].

### III.     Standard

7. This court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than is required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, this court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

8. The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253,

289 (1968)). The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**IV.    Analysis**

**Statute of Limitations**

9.    Defendants first contend they are entitled to summary judgment because Plaintiff failed to file this action within the applicable limitations period. In response, Mr. Roberts argues that there is a dispute as to when his claim arose and states that he did file his claim within an appropriate period of time.

10.    Mr. Roberts' claim was initially dismissed by the District Court on the ground argued by Defendants, namely, that he had failed to file his claim before the statute of limitations concerning his alleged injury had run. [Docket #5]. In New Mexico, a Plaintiff must file his claim for personal injury within three years of the date when the injury manifests itself in a physically objective and ascertainable manner. NMSA 1978 § 37-1-8; *Crumpton v. Hurnana*, 99 N.M. 562, 563 (1983). This three-year limitations period is also applicable to civil rights actions brought under 42 U.S.C. § 1983. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

11.    According to the Complaint, Plaintiff was aware of his injury shortly after being incarcerated in the SFCADC in May of 1999. [Docket #1]. Although the exact date on which Mr. Roberts became aware is uncertain, it is reasonable based on his assertions to assume he was aware of his alleged injury by September of 1999. [Id.] In order to achieve compliance with the

applicable New Mexico statute of limitations, Plaintiff would have had to file his complaint by September of 2002. However, Plaintiff did not actually file his complaint until June of 2003. [Id.].

12.     Plaintiff contends that he did not actually become aware of his injury until being diagnosed in March of 2003. [Docket #68]. He states that, although he was experiencing symptoms as early as September of 1999, he had no way of knowing he was actually injured until being diagnosed in early 2003. [Id.] Plaintiff misstates the test for determining when a cause of action has accrued.

13.     A Plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations. *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004); *See also Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993) ("[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue."). The question for this Court is whether Plaintiff "knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

14.     It is obvious, and Mr. Roberts does not dispute, that he had knowledge of a worsening physical condition as of September of 1999. Despite alleged signs of physical deterioration, Plaintiff argues that his cause of action lay dormant until he received a diagnosis because he could not, until that time, have known he had suffered an actual injury. [Docket #68]. Plaintiff knew or had reason to know of the existence of an injury and of the cause of that injury by September of 1999. [Docket #1]. The statute of limitations therefore began to run in September of 1999 and the fact that Plaintiff allegedly did not receive a specific diagnosis until

March 2003 is irrelevant to the running of the limitations period. *See Baker*, 991 F.2d at 632. Because Plaintiff did not file his Complaint within the statutory limitations period, I recommend that Defendants' Motions for Summary Judgment be granted.

### Exhaustion of Administrative Remedies/Tolling of Limitations Period

15.   Defendants further claim they are entitled to summary judgment because Plaintiff has failed to exhaust the requisite administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997 and under NMSA 1978 § 33-2-11. They also contend that, because Plaintiff made no attempt to exhaust his administrative remedies, equitable tolling of the applicable statute of limitations is inappropriate. Plaintiff argues that he did submit three pertinent grievances to the employees of Cornell Corrections, Inc. and appears to contend that such submissions served to toll the applicable period of limitations for approximately nine months from September of 2002 until June of 2003. I recommend finding for Defendants on this issue.

16.   The PLRA requires that available administrative remedies be exhausted prior to filing an action with respect to prison conditions under 42 U.S.C. § 1983. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Congress has eliminated both discretion to dispense with administrative remedies and the requirement that administrative exhaustion be 'plain, speedy, and effective.' *Booth v. Churner*, 532 U.S. 731, 739 (2001). Even where the available remedies appear to be futile at providing the relief sought, the prisoner must exhaust the administrative remedies available before filing a claim under § 1983. *Id.* "Administrative review by prison officials is intended to reduce the quantity and improve the quality of prisoner suits." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The PLRA's exhaustion requirement applies to all suits about prison life.

*Porter*, 534 U.S. at 525.

17. In prisoner civil rights complaints, the prisoner must "explain his attempts to exhaust available administrative remedies." *Steele*, 355 F.3d at 1211. Further, "a prisoner must . . . attach copies of administrative proceedings or describe their disposition with specificity. *Id.* Should a prisoner fail to make "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.* (internal citation omitted).

18. As regards equitable tolling, the limitations period in a federal action is subject to equitable tolling in appropriate cases. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling of the limitations period is however limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling may be appropriate, for example, in situations where a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Simple neglect is not sufficient. *Id.* at 96.

19. Plaintiff asserts that extraordinary events occurred which justify tolling the limitations period of this suit, [Docket #68], specifically that he only became aware of his injury in March of 2003 and therefore could not fully satisfy the requirements of § 1997e prior to March 2003. In fact, Plaintiff was aware of a worsening medical condition well before the running of the limitations period. As such, his contention that the limitations period did not begin to run until

March of 2003 is untenable. Nor does this argument meet the kind of extraordinary circumstances required for equitable tolling in this Circuit.

20. Additionally, I need not further consider the merits of Mr. Roberts' tolling arguments as he has failed to show that he ever filed a grievance related to the subject matter of this lawsuit. Defendants have provided the Court with six formal grievances filed by Plaintiff between October of 1999 and May of 2000 and one informal letter from Plaintiff to Cornell Grievance Officer Lloyd Montoya from April of 2000. (Def. Ex. C). The Tenth Circuit has held that, regardless of whether an inmate formally submits a time-barred grievance, he may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them. *Ross v. McKinley*, 365 F.3d 1181, 1186 (10th Cir. 2004). *See also, Steele*, 355 F.3d at 1210 ("The burden of demonstrating the exhaustion of administrative remedies rests with the prisoner, not with the correctional facility.").

21. Further, the Tenth Circuit's position on the PLRA's exhaustion requirement does not allow for exceptions. *Jernigan*, 304 F.3d at 1032. Plaintiff has not yet filed a grievance related to second-hand smoke, but the Court has addressed the issue of untimely filing in the context of a prisoner who filed a time-barred grievance. *See Ross*, 365 F.3d at 1186. The *Ross* Court held that allowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's intent to give prison officials the opportunity to take corrective action. *Id.* As stated above, this Court has no discretion to dispense with the requirement that Mr. Roberts exhaust his administrative remedies. *Booth*, 532 U.S. at 739.

22. From the record before me, Plaintiff has not complied with the requirement that he exhaust his administrative remedies under the PLRA. Although Plaintiff claims that he did file

grievances with the SFCADC related to the subject matter of this suit, he has provided this court with no evidence of such filing. He has failed to "attach copies of administrative proceedings or describe their disposition with specificity" as is required in prisoner cases arising under § 1983. *Steele*, 355 F.3d at 1211. Plaintiff does not adequately indicate that he has completed the formal grievance process, and he has therefore not exhausted his administrative remedies as required by 42 U.S.C. § 1997e.

### Claims under New Mexico State Law

23.     Plaintiff's Complaint also alleges that Defendants have committed torts under New Mexico law. Having determined that summary judgment is appropriate on Plaintiff's federal claims, I must determine whether this Court should retain supplemental jurisdiction over this matter. The exercise of supplemental jurisdiction is discretionary. *New Mexico v. General Electric Co.*, 335 F.Supp.2d 1157, 1176 (D.N.M. 2003) (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997)). A federal district court may decline to exercise supplemental jurisdiction over a state law claim if, ". . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (2000). Because I have recommended that Plaintiff's federal claims be dismissed in their entirety, I further recommend this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### SUMMARY OF FINDINGS

In summary, I find that Mr. Roberts has failed to file his complaint within the statutory limitations period. I further find that Mr. Roberts has not shown that he is entitled to any equitable tolling of the limitations period. Additionally, even if Mr. Roberts were entitled to have the limitations period tolled, consideration of his claims by this Court is still not appropriate as he

9

has failed to make the required showing that he has exhausted his administrative remedies.

**RECOMMENDED DISPOSITION**

I recommend that Defendants' Motion for Summary Judgment be **GRANTED** due to Plaintiff's failure to file his Complaint within the statutory limitations period and that equitable tolling was inappropriate in this matter. I further recommend finding that, even had Plaintiff filed his Complaint within the appropriate statutory period, this Court still could not consider his Complaint as he has failed to exhaust his administrative remedies. Additionally, since I recommend granting summary judgment on Plaintiff's federal claims, I recommend that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

11