IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

08 APR 24 PM 2: 25

CLERK-ALBUQUERQUE

ETHAN ERWIN ROBERTS,
    Plaintiff,

vs.

No. CIV 03-686 MCA/LCS

LAWRENCE BARRERAS, et al.,
    Defendants

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") filed March 5, 2008. (Doc. 154). Defendant Dr. Donna Deming filed objections on March 10, 2008. (Doc. 155). Defendants Santa Fe County, Cornell Corrections Inc., Correctional Medical Services (CMS), Inc., Lawrence Barreras, Major Romero, and Dr. Donna Deming filed objections on March 14, 2008. (Doc. 156). Plaintiff filed objections on March 17, 2008. (Doc. 157). Pursuant to 28 U.S.C. § 636(b)(1), I have conducted a *de novo* review of the entire file and find that the Proposed Findings and Recommended Disposition, as specifically supplemented below, should be adopted.

### I. BACKGROUND

Plaintiff filed his complaint on June 6, 2003 alleging: (1) Defendants were deliberately indifferent to Plaintiff's exposure to Environmental Tobacco Smoke, (2) Defendants were deliberately indifferent and denied Plaintiff adequate and fundamental

1

medical care, and (3) that Defendants violated Plaintiff's First Amendment rights to petition for redress of his grievances. (Doc. 1). On August 6, 2003, this Court entered a Memorandum, Opinion and Order dismissing the case on the grounds that Plaintiff's claims were barred by the statute of limitations. (Doc. 5). Plaintiff filed a motion for reconsideration on August 18 (Doc. 7), which was denied on September 30. (Doc. 10). Plaintiff filed a notice of appeal on October 27, 2003. (Doc. 11).

On October 12, 2004, the Tenth Circuit Court of Appeals reversed and remanded the decision of the district court, ordering the district court to determine whether the alleged administrative filings tolled the applicable statute of limitations period. (Doc. 23).

Plaintiff filed a motion to commence discovery on November 15, 2004 (Doc.27), and again on March 14, 2005. (Doc. 55). The Magistrate Judge denied Plaintiff's motion for leave to conduct discovery on April 6, 2005 (Doc. 67) On August 1, 2005, Magistrate Judge recommended that Defendants' motion for Summary Judgment be granted. (Doc. 88), and I adopted the recommendations on October 26, 2005. (Doc. 100). Plaintiff appealed the decision on November 3, 2005.

On June 14, 2007, this case was remanded to district court from the court of appeals. (Doc. 112). After a Status Conference held July 2, 2007, the Court set deadlines for Plaintiff to serve Defendants not yet served, to continue proceedings and to respond to any motions for Summary Judgment filed by Defendants by September 4, 2007. (Doc. 116) . On August 27, 2007, Plaintiff filed for an Extension of Time to File Oppositions to Defendants' Motions for Summary Judgment and an extension of time to serve those parties not yet served. (Doc. 126). The Court granted Plaintiff's motion, giving him an extension until September 20, 2007 and October 4, 2007, respectively.

(Doc. 127). On September 19, Plaintiff filed a second Motion for an Extension of Time, asking the Court to give him until October 5, 2007 to respond to Defendants' summary judgment motions, and until November 12, 2007 to serve the parties not yet served. (Doc. 130). On September 24, 2007, Plaintiff filed a Motion to Open Discovery. (Doc. 132). The Court entered an Order on September 26, 2007, ordering the Plaintiff to request discovery with specificity as required under FED. R. CIV. P. 54(f). (Doc. 134). On October 15, 2007, Plaintiff filed another Motion asking the Court to give him until November 1, 2007 to comply with the discovery order, as well as to oppose Defendants' Motion for Summary Judgment. (Doc. 136). During the November 15, 2007 status conference, Plaintiff claimed that in order to continue with his case he needed: (1) copies of his medical records, (2) a list of employees working at Cornell Corrections, Inc. during the time of his incarceration, and (3) the policies and operating procedures of both Cornell and Correctional Medical Services. The Court entered an order that Defendants provide Plaintiff with this requested information. (Doc. 142). On December 10, 2007, Defendants indicated that they had sent Plaintiff all of the requested information that they had in their possession. (Doc. 145).

## II. ANALYSIS

In *Booth v. Churner*, the Supreme Court held that §1997(e)(a) requires a § 1983 prisoner-plaintiff to exhaust all administrative remedies before filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Two years later, the Tenth Circuit Court of Appeals, in *Steele v. Federal Bureau of Prisons,* adopted the language of the Sixth Circuit, characterizing administrative exhaustion as a pleading requirement that fell on the

3

plaintiff, rather than as an affirmative defense . As a result, prisoner-plaintiffs were required to "attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (quoting *Knucles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000)).

Subsequently, the Supreme Court overruled *Steele* in *Jones v. Bock*. *Jones* set forth a new standard to govern PLRA lawsuits stating "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* __ U.S. __, 126 S. Ct. 910, 166 L. Ed. 2d 798, 921(2007). Thereafter, the court of appeals reversed the decision of the district court in this action based on the holding in *Jones v. Bock*.

### A. Defendant's Joint Motion for "Summary Judgment for Failure to File Complaint Within Applicable Statutory Limitations Period"

In the PFRD, the Magistrate Judge recommended that Defendants' Joint Motion for Summary Judgment for Failure to File Complaint Within Applicable Statutory Limitations Period be denied. I agree and adopt the Magistrate Judge's recommendations on that issue. Because Defendants failed to comply with 28 U.S.C. § 636(b)(1) and did not file objections to the Magistrate Judge's PFRD, they waived their right to appeal the district court's order. *See, e.g., Taylor v. Corral*, 123 Fed. Appx. 883 (2005) (unpublished).

## B. Plaintiff's "Motion Request for Appointment of Counsel"

In his objections, Plaintiff correctly states that appointment of counsel is within the discretion of the court, and that the court may consider Plaintiff's ability to present his case and the merits of his claim when making a decision. (Doc. 157). *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). This Court makes note of Plaintiff's averments regarding his deteriorating physical and psychological condition, as well as his statements that he has managed to make it this far in the process only through the court's extensions of time. However, the Court believes that Plaintiff has demonstrated his ability to proceed without counsel.

For reasons previously stated in the Magistrate Judge's proposed findings Plaintiff's Motion Request for Counsel is **DENIED** at this time. However, Judge Smith is Chairperson of the Pro Se Civil Rights Selection Committee in this district, and I am requesting that Judge Smith submit this case to the committee in order to determine if there is counsel available and willing to accept Plaintiff's case.

## C. Defendant Deming's Objections

On August 3, 2007, Defendant Dr. Donna Deming filed a Motion for Partial Summary Judgment regarding the state law claims against her.. (Doc. 121). Defendant Deming alleged that, as a qualified healthcare provider under the provisions of the New Mexico Medial Malpractice Act, submission of any claims against her must first be reviewed and decided upon by the New Mexico Review Commission before the lawsuit

is filed in another court. (Doc. 122). Further, Defendant Deming argued that Plaintiff was required to submit his claims before the Commission within three years from the date of the alleged act, and that Plaintiff did not file his lawsuit within that time period.

On January 22, 2008, Plaintiff filed a concurrence with regard to Defendant Deming's motion regarding state law claims, agreeing that he did not present his claims to the Commission. (Doc. 150). In the PFRD, the Magistrate Judge recommended that the state negligence claims against Dr. Deming be dismissed. I concur and adopt the Magistrate Judge's recommendations on that issue. However, in addition to the state negligence claims, Plaintiff alleges that Dr. Deming is among the group of Defendants that allegedly demonstrated deliberate indifference to his medical claims, therefore violating his Eighth Amendment rights. *See Doc. 1.*

In an affidavit filed August 3, 2007, Defendant Deming states that "during the time of Plaintiff's incarceration at SFCACD, [she] had no authority to require the establishment of a smoke-free housing area for Plaintiff within the existing facility or to require that Plaintiff be transferred to another facility." (Doc. 122, Para. 8). Plaintiff alleges, however, that not only was he not moved to a non-smoking facility, but also that he was not given adequate medical treatment (Doc.1, 3-A-4).

It is undisputed by both Plaintiff and Dr. Deming that she was one of the physicians during the time period of his incarceration. (Docs. 1; 122). On January 22, 2008, Plaintiff filed his Opposition to and Concurrence with Defendant Dr. Deming's Motion for Partial Summary Judgment. (Doc. 150). He asserts that "the medical treatment he received from the Defendants, including Dr. Deming, rises to the level of deliberate indifference to his need for treatment of his serious medical condition....that

involves his exposure to ETS..." *Id.* Additionally, Plaintiff claims that "in the capacity of the Plaintiff's medical care provider Dr. Deming had the power and authority to determine the manner in which the Plaintiff was treated, housed, and managed by others while at the SFCDC." *Id.*

On August 9, 2005, Defendant Deming filed a response to the Magistrate Judge's Proposed Finding and Recommended Disposition regarding the exhaustion of remedies. (Doc. 90). She asked that the Magistrate Judge modify his recommendations

> "to include in the same disposition as to all Plaintiff's claims against Dr. Deming in this matter. As grounds for this request, Dr. Deming states that according to Plaintiff's Complaint, the claims against Dr. Deming are identical to the claims against Defendant CMS in that they are based upon the provision of medical care to Plaintiff during his incarceration in the Santa Fe Correction facility and that Plaintiff's failure to exhaust his administrative remedies and file within the applicable statute of limitations applies identically to the claims against Dr. Deming." (Doc. 90).

As a result, the Court feels that it would be improper to include Defendant Deming as a defendant with claims "identical to" the claims of the other Defendants when the matter dealt with the exhaustion of remedies, but find that she not be included when the motion for summary judgment of those *identical claims* is being considered. Therefore, Dr. Deming will be including in the same disposition as the other Defendants with regard to Plaintiff's claims of inadequate medical care.

### D. Defendant's "Joint Motion for Summary Judgment"

The court has reviewed Defendants' objections to the Magistrate Judge's recommendation that summary judgment be denied at this time. In their objections, Defendants argue that they are not required to disprove Plaintiff's claims in order to be

7

entitled to summary judgment, but only that they need to show absence of evidence that supports Plaintiff's claims. (Doc. 156). Additionally, Defendants state that it is the Plaintiff's burden to establish that his injuries were causally connected to their conduct through competent medical testimony. *Id.*

I find Defendant's objections to be without merit. The court notes that at this point a scheduling order has not been entered in the case and further notes that there has not yet been formal discovery.[1] Now that the issues of exhaustion and the statute of limitations have been resolved, the mandate from the Tenth Circuit has been satisfied, and this Court can look to the issues surrounding the merit of Plaintiff's case. At the November 15, 2007 status conference, Magistrate Judge Smith asked Plaintiff to inform the court of what specific discovery he wished. Judge Smith ordered the Defendants to provide Plaintiff with his requested documents. (Doc. 142). On December 10, 2007, Defendants indicated that they had provided Plaintiff with as many of Plaintiff's requested documents as they were able. (Doc. 145). Although Plaintiff requested what documents he believed he required to respond to Defendant's motions for summary judgment, and although the Court believes the Defendants complied in good faith to the best of their abilities, there has been no entry of a scheduling order, and formal discovery has not yet commenced. Therefore, Defendants' Motion for Summary Judgment is **DENIED** at this time.

---

[1] For four years, from the onset of the case in June 2003 until July 2007, Defendants have made the issues of the statute of limitations and exhaustion of remedies the crux of the matter. Therefore, although Plaintiff has asked for discovery to be opened on two occasions prior to July 2007 (Docs. 27; 55), it is not as if Plaintiff has had four years to complete discovery on the issues presently before the court.

**IT IS ORDERED** that:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition filed March 5, 2008 (Doc. 154) are adopted by this court, as modified herein;

2. Defendants' Joint Motion for Summary Judgment for Failure to File Complaint Within Applicable Statutory Time Limitation Period is **DENIED**;

3. Motion for Acceptance of Plaintiff's Untimely Filed Opposition to Defendant's Motion for Summary Judgment is **DENIED as MOOT**;

4. Plaintiff's Request for Appointment of Counsel is **DENIED**;

5. Defendant Dr. Donna Deming's Motion for Partial Summary Judgment with regard to the state law claims be **GRANTED**;

6. Defendants' Joint Motion for Summary Judgment is **DENIED**; and

7. This case is referred to the Magistrate Judge to enter an appropriate scheduling order under FED. R. CIV. P. 16.

**IT IS SO ORDERED.**

4-24-2008

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**